a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ALBERTUS CONNER JR #50640,<br>Petitioner | CIVIL DOCKET NO. 5:24-CV-00717<br>SEC P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WARDEN,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Albertus Conner, Jr. ("Conner"). Conner is a pretrial detainee at the Caddo Parish Correctional Center in Shreveport, Louisiana. He challenges his arrest and pending charges.

Because Conner's Petition is duplicative, it should be DISMISSED WITHOUT PREJUDICE.

I.  Background

Conner alleges that he was wrongfully arrested. He seeks "protection from continued wrongful prosecution." ECF No. 1 at 1.

II.  Law and Analysis

Conner previously filed a habeas petition challenging the same arrest and criminal prosecution, which remains pending. *See Conner v. Caddo Correctional Center*, 5:24-CV-0268 (W.D. La.), ECF No. 4. A complaint that duplicates claims asserted in an earlier case may be summarily dismissed. *See Pittman v. Moore*, 980

1

F.2d 994, 995 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989), *cert. denied*, 493 U.S. 969 (1989). This principle applies to petitions for writ of habeas corpus. *See Hardin v. Dir., TDCJ-CID*, 6:20-CV-251, 2020 WL 3239936, at *1 (E.D. Tex. 2020), *report and recommendation adopted*, 2020 WL 3172701 (E.D. Tex. 2020); *Brock v. Cockrell*, 2003 WL 21418792 (N.D. Tex. 2003); *Schmidt v. U.S. Marshals Serv.*, 2006 WL 3478030 (N.D. Tex. 2006). Therefore, Conner's habeas petition should be dismissed as duplicative of case number 5:24-CV-268.

### III. Conclusion

Because Conner's Petition is duplicative, IT IS RECOMMENDED that the Petition be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, August 12, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE